**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CHRISTONNA CAMPBELL,

       Plaintiff,

v.                                           Case No. 04-CV-74044-DT

FAMILY INDEPENDENCE AGENCY, et al.,

       Defendants.

_____/

**ORDER OF DISMISSAL**

On October 15, 2004, Plaintiff Christonna Campbell filed her complaint against Defendants Family Independence Agency ("FIA"), Nelson Griffis and Marlys Schutjer. On October 13, 2005, the court ordered Plaintiff to show cause why the case against Defendants Griffis and Schutjer should not be dismissed because it appeared they had never been served with a copy of the summons and complaint. Plaintiff responded on October 26, 2005. For the reasons set forth below, the court will dismiss this case in its entirety.

**I. STANDARD**

Federal Rule of Civil Procedure 4 provides, in pertinent part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "Absent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal." *Byrd v. Stone,* 94 F.3d

217, 219 (6th Cir. 1996) (citing *Habib v. General Motors Corp.,* 15 F.3d 72, 73 (6th Cir.1994)).  It is Plaintiff's burden to establish good cause for failing to timely effect service.  *Habib*, 15 F.3d at 73 (6th Cir. 1994)

Further, Eastern District of Michigan  Local Rule 41.2 provides that if the parties have not taken action within a reasonable time, the court may enter an order dismissing the case for lack of prosecution.

### III.  DISCUSSION

In her October 26, 2005 "Response to Order to Show Cause," Plaintiff does not deny that she has failed to effect service upon Defendants Griffis and Schutjer.  Instead, Plaintiff asserts that "both Griffis and Schutjer were employees, working for the State of Michigan at the time of the events giving rise to the claims in this suit, but were no longer employee[s] of the State of Michigan at the time the suit was filed."  (Resp. at 2.) Plaintiff further asserts that the Assistant Attorney General assigned to this case has refused Plaintiff's request that the Attorney General's office accept service on behalf of Defendants Griffis and Schutjer.  (Resp. at 5-6.)  Nonetheless, Plaintiff argues that the Attorney General's office has answered the Complaint on behalf of Griffis and Schutjer, thereby waiving service of process and making Griffis and Schutjer "party defendants in this case."  (Resp. at 7-8.)

It is true that "a defendant's answer and appearance in an action 'should be enough to prevent any technical error in form from invalidating the process.'"  *Gottfried v. Frankel,* 818 F.2d 485, 493 (6th Cir. 1987) (quoting *United Food & Commercial Workers Union v. Alpha Beta Co.,* 736 F.2d 1371, 1382 (9th Cir.1984)); *see also Alaska Smoked Fish Co. v. Fairmont Creamery Co.,* 108 F.2d 959, 960 (6th Cir. 1940) ("It is

2

elementary that the general appearance of a defendant by attorneys cures all defects in process.").

In this case, however, there has been no appearance filed on behalf of either Defendant Griffis or Defendant Schutjer. There has been no answer filed by or on behalf of either Defendant Griffis or Defendant Schutjer. Indeed, there has been no pleading of any kind filed by or on behalf of the individual Defendants. All pleadings to date have been filed by Defendant Family Independence Agency ("FIA"). (*See* 12/23/04 Answer [Dkt. #4]; 3/28/05 "Motion to Compel" [Dkt. # 6]; 5/18/05 "Motion to Compel" [Dkt. # 9]; 6/06/05 "Motion to Dismiss" [Dkt. #10]; 7/18/05 "Response" [Dkt. # 19]; 8/23/05 "Appearance" [Dkt. # 21]; 8/24/05 "Motion for Summary Judgment" [Dkt. # 22]; 10/14/05 "Reply" [Dkt. # 26]). Not only have all of the defense pleadings been carefully labeled as attributed to or brought on behalf of "Defendant Family Independence Agency," but they have also been signed by the "Attorney[s] for Family Independence Agency." Contrary to Plaintiff's argument, there has never been any indication that the Attorney General signed any filing on behalf of the individual Defendants.

In support of her argument that the individual Defendants have appeared in this action, Plaintiff relies exclusively on the fact that Defendant FIA responded to all of the allegations in the Complaint, even to the allegations asserted in Count I, which was asserted solely against Defendants Griffis and Schutjer. (*See* 10/26/05 Response at ¶¶ 3, 7-8.) The court disagrees. Defendant FIA's Answer was entitled "Defendant Family Independence Agency's Answer and Affirmative Defenses." (*See* 12/23/04 Answer at 1.) The first sentence of the Answer states "Defendant Family Indepence Agency ("FIA"), through its attorneys . . ., answers Plaintiff's Complaint as follows." (*Id.*) The

3

Answer is signed by the "Attorney for Defendant Family Independence Agency." (*Id.* at 9.) Likewise, the caption of the Answer indicates that it was filed by the "Attorney for Defendant Family Independence Agency." (*Id.* at 1.) Every allegation in the Complaint was responded to in the Answer by a singular "Defendant." There can be no ambiguity that the Answer was filed solely on behalf of Defendant FIA.

The fact that Defendant FIA responded to the allegations asserted under Count I is not remarkable. First, most of the responses in Count I were neither admissions nor denials as the Complaint's allegations were legal conclusions which did not require a response. Moreover, while Defendant FIA responded to the factual allegations, it did so on its own behalf (and likely out of an abundance of caution that the allegations would be deemed admitted if they did not respond). Finally, and most importantly, all of the factual allegations asserted under Count I were later incorporated by reference under Counts II and III, thereby requiring a response by Defendant FIA in any event. (*See* Compl. at ¶¶ 52 & 57.) There is simply no indication that Defendant FIA's actions in responding to the allegations in Count I somehow constituted an appearance by Defendants Griffis and Schutjer.

Further, Plaintiff has not pointed to any authority supporting her argument. In her "Response to Defendant's Motion for Summary Judgment," Plaintiff cites to law providing generally that an appearance can constitute a waiver of service. (*See* 10/05/05 Response at 18-19.) The cases to which Plaintiff cites, however, are distinguishable from the instant case. For example, in *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697 (6th Cir. 1978), the Sixth Circuit held that a district court cannot *sua sponte* dismiss a case for lack of personal jurisdiction where the defendant has waived

4

that defense "[b]y filing an appearance, by stipulating for a stay of proceedings[,] by filing a motion to dismiss on the basis of the statute of limitations, and by entering into an extended discovery." *Id.* at 702. In this case, the individual Defendants have made no filings, let alone any filings constituting a waiver.

Likewise, in *United State v. Hoerner,* 157 F.Supp. 563 (D.C. Mont. 1957), the individuals asserting insufficient service had signed authorizations expressly allowing a named defendant to appear on their behalf. *Id.* at 565. (The authorizations stated "'We, the undersigned, hereby authorize Jack E. Hoerner to appear for us and represent any interest that we may have in the above entitled proceedings."). No such authorizations were filed in this case. As the *Hoerner* court cautioned, any intent to waive service or jurisdiction "is not to be inferred except as the result of acts from which an intent may properly be inferred." *Id.* at 567. Here, Plaintiff has failed to point to anything from which an intent to waive service can be inferred.

Accordingly, the court finds that there has been no voluntary appearance or waiver of service by Defendants Griffis and Schutjer. *Amen v. City of Dearborn,* 532 F.2d 554, 557 (6th Cir. 1976) (finding no voluntary appearance by individual defendants where city defendant had filed an answer and "the attorneys for the City, in their answers to plaintiffs' complaint and amended complaint, carefully limited their answer to 'defendant City of Dearborn, only.'"), *repudiated on other grounds by Thomas v. Shipka*, 818 F.2d 496 (6th Cir. 1987).

There being no dispute that Plaintiff has failed to serve the individual Defendants within 120 days, as required by Federal Rule of Civil Procedure 4, the court must dismiss the case against the individual Defendants unless the court finds good cause

for Plaintiff's failure to timely effect service.  *See Byrd v. Stone,* 94 F.3d 217, 219 (6th

Cir. 1996) (citing *Habib v. General Motors Corp.,* 15 F.3d 72, 73 (6th Cir.1994) ("Absent

a showing of good cause to justify a failure to effect timely service, the Federal Rules of

Civil Procedure compel dismissal.").

The court finds that Plaintiff has failed to meet her burden of establishing "good

cause." *See Habib*, 15 F.3d at 73 (6th Cir. 1994).  Plaintiff asserts generally that she

"continues to search for Griffis and Schutjer in order to serve them with process[,] and

the summons and complaints are with a process server.  However, they may be

avoiding service of process."  (10/26/05 Response at ¶ 10.)  Nonetheless, Plaintiff has

failed to identify any steps she has taken in order to effect timely service, other than to

request that the Attorney General's office accept service.[1]   Plaintiff has also failed to

assert any facts which would justify a conclusion that the individual Defendants are

evading service.  Finally, in the year that this case has been pending, Plaintiff has taken

no steps to seek court intervention in effecting service.  There has been no motion for

alternate service, and no motion for an extension of time to effect service.  Under such

circumstances, the court cannot find that Plaintiff has established "good cause" for her

failure to serve the individual defendants, and the case against them will be dismissed.

The only remaining claims, therefore, are state law claims asserted under Counts

II and III against Defendant FIA.  While the court may exercise supplemental jurisdiction

over the remaining claims pursuant to 28 U.S.C. § 1367, the court will decline to do so

---

[1]  The court also notes that Plaintiff has not proffered any authority for the
proposition that the Attorney General's office is obligated to accept service on behalf of,
or defend an action against, former employees of the state.  Defendant FIA denies that
the Attorney General has any "obligation to represent the individual Defendants in this
case."  (Def.'s 10/14/05 Reply at 2.)

6

in this case.  The Supreme Court has noted that "if the federal claims are dismissed

before trial, even though not insubstantial in a jurisdictional sense, the state claims

should be dismissed as well."  *United Mine Workers of America v. Gibbs,* 383 U.S. 715,

726, (1966)*; see also Brandenburg v. Housing Authority of Irvine,* 253 F.3d 891, 900

(6th Cir. 2001) ("[T]he usual course is for the district court to dismiss the state-law

claims without prejudice if all federal claims are disposed of on summary judgment.").

This is especially true where, as here, the defendants against whom the only federal

claim has been asserted have never been before the court and thus federal jurisdiction

has never properly been invoked.

### III.  CONCLUSION

Accordingly, IT IS ORDERED that Plaintiff's complaint is DISMISSED without

prejudice.  Specifically, the case against Defendants Griffis and Schutjer is DISMISSED

pursuant to Fed. R. Civ. P. 4(m) and E.D. Mich. LR 41.2, and the case against

Defendant Family Independence Agency is DISMISSED for lack of subject matter

jurisdiction.  Defendant Family Independence Agency's "Motion for Summary Judgment"

[Dkt. # 22] is therefore DENIED AS MOOT.

   S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  October 31, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 31, 2005, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522